IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CALIPH ALJA-IZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2014-45 |
| ) | |
| VIRGIN ISLANDS POLICE DEPARTMENT ) | |
| and VIRGIN ISLANDS BUREAU OF ) | |
| MOTOR VEHICLES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the Court on the application [DE 2] of *pro se* plaintiff Caliph Alja-Iz to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and for initial screening of plaintiff's pleading pursuant to 28 U.S.C. § 1915(e)(2).[1] The Court finds plaintiff has demonstrated his inability to pay the required court costs. Accordingly, the Court will grant plaintiff's motion to proceed *in forma pauperis*. For the reasons set forth below, however, this Court recommends the complaint be dismissed.

**I.     BACKGROUND**

Plaintiff, a 47 year-old disabled[2] African American male, brings suit against the Virgin Islands Police Department ("VIPD") and the Virgin Islands Bureau of Motor Vehicles ("BMV") (collectively, "defendants") for alleged violations of the Americans with Disabilities Act of 1990

---

[1]     Section 1915(a)(1) provides "any court of the United States may authorize the commencement . . . of any suit, . . ., civil or criminal, . . . , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (alteration in original); *see Leatherman v. Obama*, 2012 U.S. Dist. LEXIS 158682, at *3 n.1 (W.D. Pa. Oct. 22, 2012) (holding section 1915(a) is not limited to prisoner suits) (citing *Jones v. NATO*, 1998 U.S. Dist. LEXIS 3569, at *2 (E.D. Pa. Mar. 20, 1998)).

[2]     Plaintiff does not identify his disability.

("ADA"), 42 U.S.C. § 12101 *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553,[3] Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794 *et seq.*, Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, *et seq.*, the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*, "Title 22 of the Code of Federal Regulations," the Social Security Act, 42 U.S.C. § 652, and the Real ID Act of 2005, Pub. L. 109-13, § 202(c), 119 Stat 231 (2005).

Plaintiff's complaint is void of any specific allegations of misconduct on the part of the Virgin Islands Police Department ("VIPD") or the Virgin Islands Bureau of Motor Vehicles ("BMV"). Plaintiff states only that the BMV has an "extensive range of discriminatory policy of non-issuance" of personal identification cards against disabled individuals, persons whose driver's licenses have been revoked or suspended, persons whose passports have been revoked and persons ineligible for a driver's license due to "age restrictions." Plaintiff seeks injunctive relief "in correcting individual and territorial disability, age, driver's license suspension, driver's license revocation and passport revocation discrimination" by the BMV. Specifically, plaintiff seeks "a five year[]" personal identification card for himself and for the Territory of the United States Virgin Islands.

## II. STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is

---

[3] The ADAAA "broadened the category of individuals entitled to statutory protection under the ADA by expanding the definition of the term 'disability.'" *EEOC v. Grane Healthcare Co.*, 2014 U.S. Dist. LEXIS 28477, at *14 n.1 (W.D. Pa. Mar. 6, 2014).

*Alja-Iz v. VIPD et al.*
Civil No. 2014-45
Page 3

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'" *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-360 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); accord *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Finally, the remaining ground for dismissal under § 1915, immunity of the defendants, relates to the protection the law affords certain governmental entities and officials against particular types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.    DISCUSSION

**A.    The Americans with Disabilities Act**

The ADA prohibits discrimination against disabled individuals. 42 U.S.C. § 12112(a). "Disabled" is defined as follows: (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;"[4] (2) "a record of such an impairment;"[5] or (3) "being regarded as having such an impairment."[6] 42 U.S.C. § 12102(1)(A)-(C). The ADA consists of Titles I-V, encompassing employment (Title I), public services (Title II), public accommodations (Title III), telecommunications (Title IV), and miscellaneous provisions (Title V). 42 U.S.C §§ 12111-12213. A plaintiff must allege specific facts to bring an ADA claim based on the title under which he seeks enforcement. Here, plaintiff alleges violations of Titles II and V.

1.    <u>Title II</u>

Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to

---

[4]    "Major life activities" include, "but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). A major life activity also includes "the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." *Id*. § 12102(2)(B).

[5]    "An individual will be considered to have a record of a disability if the individual has a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment." 29 C.F.R. § 1630.2(k)(d).

[6]    "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he … has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id*. § 12102(3)(A).

discrimination by any such entity."[7]  42 U.S.C. § 12132.  In order to state a claim for relief under Title II of the ADA, a plaintiff must allege that: "(1) he … is a qualified individual with a disability within the meaning of the statute; (2) he … is being excluded from participation in, or [is] being denied the benefits of the services, programs, or activities of a covered entity, or [is] otherwise being discriminated against by the entity; and (3) such exclusion, denial of benefits, or discrimination is due to the plaintiff's disability."[8]  *Cornell Cos. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 262 (E.D. Pa. 2007) (alterations added).

As for the first element, plaintiff states that he is a recipient of Supplement Security Income ("SSI").  Plaintiff's averment that he is an SSI recipient is sufficient to establish, at least at the pleading stage, that he is an ADA-qualified individual.[9]  *See Locastro v. Cannery Casino Resorts, LLC*, 2013 U.S. Dist. LEXIS 57733, at *7 (W.D. Pa. Apr. 23, 2013) (finding recipient of SSI met the first element of a Title II ADA claim).  Plaintiff's complaint, however, does not meet the pleading requirements as to the second and third elements.  In fact, the complaint is void of a single allegation in support of either element.  As the complaint does not contain anything more than conclusory allegations of discrimination, plaintiff fails to state a claim under Title II of the ADA.

---

[7]  *See* 42 U.S.C. § 12131(1) (defining public entity as any State or local government, any department, agency, special purpose district, or other instrumentality of a State or local government, the National Railroad Passenger Corporation, and any commuter authority).

[8]  It is well established that private parties may sue to enforce the ADA and the Rehabilitation Act.  *Barnes v. Gorman*, 536 U.S. 181, 184-85 (2002).

[9]  To be eligible for SSI disability benefits, a claimant must show he has a medically determinable impairment of such severity that it prevents him from engaging in any past relevant work or any other substantial gainful activity that exists in the national economy.  42 U.S.C. § 1382c(a)(3)(A), (B); 20 C.F.R. §§ 416.905(a), 416.920.

2.    Title V

Title V of the ADA, 42 U.S.C. § 12203, contains prohibitions against retaliation and intimidation or coercion of individuals with disabilities when they oppose an unlawful practice, or aid or encourage another individual exercising a right granted under the ADA.[10] 42 U.S.C. § 12203(a) and (b); *accord Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 154 n.5 (3d Cir. 1999). Here, plaintiff has not alleged that he exercised any right granted or protected by the ADA or that he was retaliated against or intimated or coerced by defendants. Accordingly, he does not state a claim under Title V of the ADA.

**B.    Rehabilitation Act**

Section 504 of the RA provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of [] his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Aside from the requisite allegation that the relevant program or activity receives federal financing, the *prima facie* case under the RA is identical to that under Title II of the ADA. *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009); *see R.G. v. Downingtown Area Sch. Dist.*, 528 Fed. Appx. 153, 156 n.2 (3d Cir. 2013) (stating "there is no need to consider [Section 504 of the RA and Title II of the ADA] separately). As plaintiff fails to state a claim under Title II of the ADA, he necessarily fails to state a claim under the RA. Plaintiff fails to state a claim under the RA for the additional reason

---

[10]    To state a claim for retaliation under Title V of the ADA, a plaintiff must allege that (1) he engaged in protected conduct, (2) suffered an adverse action; and (3) there was a causal connection between the protected conduct and the adverse action. *See Krouse v. American Sterilizer Co.*, 126 F.3d 494 (3d Cir. 1997); *Freadman v. Metro. Prop. & Cas. Ins. Co.*, 484 F.3d 91, 106 (1st Cir. 2007).

*Alja-Iz v. VIPD et al.*
Civil No. 2014-45
Page 7

that the complaint contains no allegations indicating defendants are recipients of federal financial aid.

### C. Title VI of the Civil Rights Act of 1964

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[11] 42 U.S.C. § 2000d; *see Pocono Mt. Charter Sch. v. Pocono Mt. Sch. Dist.*, 908 F. Supp. 2d 597, 615 (M.D. Pa. 2012) (noting Title VI's *prima facie* case is comprised of two elements – discrimination on the basis of race, color or national origin under a program receiving federal funding). Plaintiff does not allege any facts upon which his Title VI claim is predicated, but instead merely recites the legal conclusion that defendants violated this Act. As a result, he fails to state a claim under Title VI of the Civil Rights Act of 1964.

### D. Age Discrimination Act

The Age Discrimination Act provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. Plaintiff fails to state a claim pursuant to this Act. First, plaintiff alleges no facts indicating defendants discriminated against plaintiff on the basis of age. Second, as noted, plaintiff failed to allege that defendants are recipients of federal funding. More elementary,

---

[11] *See Guardians Ass'n v. Civil Serv. Comm'n*, 463 U.S. 582 (1983) (establishing that Title VI of the Civil Rights Act of 1964 supports a private right of action); *accord A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007).

plaintiff fails to state a claim under the Act because he does not allege that he filed an administrative complaint with any federal department or agency in this matter or that he has exhausted administrative remedies. 42 U.S.C. § 6104(e), (f).[12]

E.  **Title 22 of the Code of Federal Regulations, the Social Security Act and the Real ID Act**

Finally, plaintiff cites generally to Title 22 of the Code of Federal Regulations ("Title 22"),[13] 42 U.S.C. § 652(k),[14] and the Real ID Act of 2005.[15] While the Court must provide for a generous construction of *pro se* complaints, there are some limits. Judges "are not mind readers," and are not required to construct a claim from fragmentary factual recitations or a

---

[12] The pertinent passages of the Age Discrimination Act provide that:

> (e) (1) When any interested person brings an action in any United States district court for the district in which the defendant is found or transacts business to enjoin a violation of the Act … such interested person shall give notice by registered mail not less than 30 days prior to the commencement of the action to the … Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed ….
>
> (2) The notice ... shall state the nature of the alleged violation, the relief to be requested, the court in which the action will be brought, and whether or not attorney's fees are being demanded in the event that the plaintiff prevails. No action … shall be brought ... (B) if administrative remedies have not been exhausted.
>
> (f) [A]dministrative remedies shall be deemed exhausted upon the expiration of 180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first.

42 U.S.C. § 6104(e), (f).

[13] In light of plaintiff's "passport revocation discrimination" claim, the regulations to which plaintiff is presumably referring are found within 22 C.F.R. §§ 51.60-51.74. These sections explain the bases under which the Department of State may revoke passports and the procedure for review of passport revocations.

[14] Under § 652(k), the Secretary of State is prohibited from issuing passports to persons in arrears on child support payments and may revoke a passport previously issued to such individual.

[15] The Real ID Act establishes, *inter alia*, certain standards for State-issued driver's licenses and identification cards. *See generally* 49 U.S.C. § 30301 note; 6 C.F.R. Pt. 37. The Act provides a timeline for state compliance, procedures and required documentation for the issuance of Real IDs and establishes requirements for what information and features are to be included on a Real ID.

statutory or regulatory citation only. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff provides no factual allegations that would support any plausible claims against any defendant under these statutes or regulations.

### IV.   CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* [DE 2] is ALLOWED. In addition, the Court RECOMMENDS that plaintiff's complaint be DISMISSED for failing to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[16] Plaintiff provided no factual details whatsoever to support his allegations, but instead merely recited legal conclusions. As such, the Court is unable, for the most part, to determine whether plaintiff is able to state any potentially cognizable claims. That said, the Court RECOMMENDS specifically as follows:

(1)   Plaintiff's claims pursuant to the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, Title VI of the Civil Rights Act of 1964 and the Age Discrimination Act of 1975 be DISMISSED WITH LEAVE TO AMEND; and

(2)   Plaintiff's claims pursuant to "Title 22 of the Code of Federal Regulations," 42 U.S.C. 652(k) and the Real ID Act of 2005 be DISMISSED WITHOUT LEAVE TO AMEND.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the

---

[16]   *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A complaint that sets forth facts which affirmatively demonstrate that the *pro se* plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

*Alja-Iz v. VIPD et al.*
Civil No. 2014-45
Page 10

aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**  October 15, 2014                                         S\_____
                                                                                        **RUTH MILLER**
                                                                                        United States Magistrate Judge