DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|                                              |   |                              |
|----------------------------------------------|---|------------------------------|
| CALIPH ALJA-IZ,                              | ) |                              |
|                                              | ) |                              |
| Plaintiff,                                   | ) |                              |
|                                              | ) |                              |
| v.                                           | ) | Civil Action No. 2014-0045   |
|                                              | ) |                              |
| UNITED STATES VIRGIN ISLANDS POLICE          | ) |                              |
| DEPARTMENT, UNITED STATES VIRGIN             | ) |                              |
| ISLANDS BUREAU OF MOTOR VEHICLES,            | ) |                              |
|                                              | ) |                              |
| Defendants.                                  | ) |                              |

**Appearances:**
**Caliph Alja-Iz,** *Pro Se*,
St. Thomas, U.S.V.I.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**Lewis, Chief Judge**

THIS MATTER comes before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Ruth Miller. (Dkt. No. 3). In the R&R, Magistrate Judge Miller granted the application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), filed by Plaintiff Caliph Alja-Iz ("Plaintiff" or "Alja-Iz"), and recommended that Plaintiff's Complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to amend some of the claims contained therein. *Id.*

On April 15, 2014, Alja-Iz, filed a Complaint against the United States Virgin Islands ("USVI") Police Department and USVI Bureau of Motor Vehicles, alleging discrimination under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*; Title 22

of the Code of Federal Regulations; the Social Security Act, 42 U.S.C. § 652(k); and the Real ID Act of 2005, Pub. L. 109-13, § 202(c), 119 Stat. 231. (Dkt. No. 1).

In the R&R, issued on October 15, 2014, Magistrate Judge Miller found that Alja-Iz did not meet the pleading requirements to state claims under ADA, the Rehabilitation Act, Title VI, and the Age Discrimination Act because the Complaint did not allege sufficient facts to state claims for relief that were plausible on its face. (Dkt. No. 3 at 3, quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). With regard to Alja-Iz's claims under Title 22 of the Code of Federal Regulations, the Social Security Act, and the Real ID Act, Magistrate Judge Miller opined that Plaintiff provided "no factual allegations that would support any plausible claims against any defendant under these statutes or regulations." *Id.* at 9. Magistrate Judge Miller recommended that the ADA, Rehabilitation Act, Title VI, and Age Discrimination Act claims be dismissed without prejudice, and therefore with leave to amend, and that the Title 22, Social Security Act, and Real ID Act claims be dismissed with prejudice, and therefore without leave to amend. *Id.*

Objections to Magistrate Judge Miller's R&R, issued on October 15, 2014, were due within fourteen days after Plaintiff was served with a copy, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).[1] The docket report reflects that a copy of the R&R was mailed to Aljz-Iz on October 20, 2014 at the address he provided to the Court. On October 27, 2014, Alja-Iz filed an "Objection to United States Magistrate Judge, Report and Recommendation." (Dkt. No. 5). In this filing, Alja-Iz states: "The undersigned declares under penalty of perjury that he is the plaintiff in the above action, and has read the objection to Magistrate Judge Ruth Miller's Report and Recommendation, and the information contained therein is true and correct." *Id.*

---

[1] Fed. R. Civ. P. 72(b)(2) states: "Within fourteen days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."

While Alja-Iz's filing was entitled an "Objection" to the R&R, it did not, in fact, contain any objection. Where no objections have been filed, the Court reviews an R&R under the "plain error" standard of review. *Roman v. Overmyer,* 2017 WL 517813, at *1 n.1 (E.D. Pa. Feb. 8, 2017). Under this standard, "an R&R should only be rejected if the magistrate judge commits an error that was '(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)). No such error was committed here.

Upon independent review of the record in this case, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation (Dkt. No. 3) should be adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that Magistrate Judge Ruth Miller's Report & Recommendation (Dkt. No. 3) is **ADOPTED** for the reasons stated herein and more fully stated in the R&R; and it is further

**ORDERED** that Plaintiff's claims pursuant to the Americans with Disabilities Act, Title VI of the Civil Rights Act of 1964, and the Age Discrimination Act of 1975 are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may file an Amended Complaint addressing his claims under the Americans with Disabilities Act, Title VI of the Civil Rights Act of 1964, and the Age Discrimination Act of 1975 within **forty-five days after receipt of this Order**; and it is further

**ORDERED** that if Plaintiff does not timely file an Amended Complaint, this action may be subject to dismissal; and it is further

**ORDERED** that Plaintiff's claims pursuant to Title 22 of the Code of Federal Regulations, the Social Security Act, and the Real ID Act of 2005 are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Order to Plaintiff Caliph Alja-Iz by certified mail, return receipt requested.

**SO ORDERED**.

Date: February 22, 2018 _____/s/_____
WILMA A. LEWIS
Chief Judge